**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**THE NOCO COMPANY, an Ohio**
**Corporation,**

        **Plaintiff,**

**v.**                                                                    **Case No: 6:25-cv-251-PGB-DCI**

**DELTRAN USA, LLC, a Florida Limited**
**Liability Company, and DELTRAN**
**OPERATIONS USA, INC., a Florida**
**Corporation,**

        **Defendants.**

---

**ORDER**

Before the Court is a time-sensitive "omnibus" motion filed by Deltran USA, LLC and Deltran Operations USA, Inc. (collectively, Deltran). Doc. 124 (the Motion). In the Motion, Deltran complains of various "procedural failings" in relation to recent filings by Plaintiff and seeks several forms of relief, some requests referenced only in a footnote. *See id*. at 2 n.1 & 2. The filing is alarmist and demands relief by May 13, 2026. The Court obliges.

Accordingly, tracking the requests for relief on pages 11, 12, and 13 of the Motion, it is

**ORDERED** that the Motion (Doc. 124) is:

1. **GRANTED** to the extent it requests that the Court consider it on an expedited basis;

2. **DENIED** to the extent that it requests the Court strike Doc. 120 or "remove" the redacted exhibits attached to Doc. 120, but the Clerk is **DIRECTED** to place Docs. 120-4, 120-8, and 120-10 under seal temporarily pending the hearing on May 20, 2026;

3. **DENIED** to the extent that it requests the Court "strike and/or deny Doc. 121 (the Motion to Seal) without prejudice for failure to comply with Local Rule 3.01(g) and Local Rul 1.11(b)," as Local Rule 3.01(g)(3) controls in this situation;

4. **DENIED** to the extent that it requests the Court order Plaintiff to comply with Local Rule 3.01(g) or the parties' confidentiality agreement prior to filing any future motion, as there is legal basis or good cause stated for the Court to order what is essentially a pre-filing injunction related to things that already control;

5. **DENIED** to the extent that it requests the Court set the timing for a response to coincide with a re-filed, stricken motion, as the Court is not striking anything in this Order;

6. **DENIED** to the extent that it seeks the Court "reserve Deltran's right to seek appropriate relief under Local Rule 3.01(g)" based on an allegedly false certification, as this request is not supported by a memorandum of law in violation of Local Rule 3.01(b) and, regardless, is frivolous.  There is no basis for an order "reserving a right" here.

A few final notes.  Local Rule 1.11(c) provides for exactly this circumstance by allowing an interested party to file a brief in support of a motion to seal.  Deltran can avail itself of that process.  Further, Deltran appears to be under some misapprehension concerning the result of the "expiration" under Local Rule 1.11(e).  The seal expires, not the sealed document.  In other words, the document becomes unsealed.  The parties should govern themselves accordingly prior to expiration, as the Local Rule cautions.  Further, Local Rule 3.01(g)(3) requires ongoing conferral when unavailability is claimed.  And the Court's order setting the hearing requires that: "The parties shall file a joint notice three days before the hearing certifying ongoing conferral and stating which issues, if any, have been resolved."  Doc. 123.  The parties should take this opportunity to

take a breath, gather themselves, and confer in good faith prior to the hearing.  The Court will address the sealing matter further at the hearing, which is not set for all pending motions, as stated by Deltran, but only for the pending motion to compel and motion to seal.

      **ORDERED** in Orlando, Florida on May 8, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE